QUIÑONES, PLAINTIFF AND APPELLANT, *v.* VIVONI, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of Mayagüez in an Action of Debt.

No. 1100.—Originally decided May 22, 1914.

Decided on reconsideration August 1, 1914.

SURETY—EXTINGUISHMENT OF SURETY.—When, as in the case at bar, the creditor first brings an action against the maker of a note and levies on certain property which is offered for sale at public auction on two occasions, but finds no bidders, and then the creditor brings an action against the surety *in solidum*, and the surety does not prove that he has been actually prejudiced by such acts on the part of the creditor, the surety is not extinguished, nor is section 1753 of the Revised Civil Code applicable.

The facts are stated in the opinion.
*Mr. José Benet* for the appellant.
*Mr. José de Diego* for the respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The defendant-respondent, José Antonio Vivoni, moved for a reconsideration of the judgment rendered by this court

in the above case on May 22, 1914, and in support of the motion filed, through his attorney, a long and well-written brief which we have read and considered carefully.

In its opinion, which was delivered by Mr. Justice Wolf and which served as a basis for its judgment of May 22, this court took notice of the statutes cited by the defendant-respondents, namely, sections 1740 and 1753 of the Revised Civil Code. But while considering them, it held that they were not applicable to the present case. Section 1740 did not apply because the surety made no payment to or compromise with the creditor, and there is, therefore, no reason why he should be subrogated to the rights which the creditor had against the debtor. Section 1753 is equally inapplicable because, although it appears that the creditor first sued the debtor and attached certain merchandise, the said merchandise was twice offered for sale at public auction and no bidder offered a single cent therefor, and it was then that the creditor decided, in use of the right granted him by section 1111 of the Revised Civil Code, to bring suit against the surety, and because the surety did not prove by evidence which could be deemed sufficient that he had been really prejudiced by the act of the creditor.

The circumstances of the case have not changed in any way and therefore the motion praying for the reconsideration of the judgment should be overruled.

*Reconsideration denied.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.